IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMBERLY J. EAVES, and
JASON E. EAVES,

        Plaintiffs

vs.                                             Case No. 13-1271-SAC

PIRELLI TIRE, LLC, a foreign
limited liability company, et al.,

        Defendants.

MEMORANDUM AND ORDER

The defendants filed a joint motion for summary judgment (Dk. 81) on February 2, 2015, against the plaintiff Jason E. Eaves, arguing he lacks standing under Kansas law to bring his "direct cause of action" (Dk. 7, ¶ 416) for loss of consortium damages resulting from injuries sustained by his wife, Kimberly J. Eaves on July 17, 2011, when the rear tire blew out on their motorcycle causing a serious accident. When this action was filed, the plaintiffs were represented by the same counsel, but the court has allowed this counsel to withdraw their representation of Jason Eaves on his only claim for "potential loss of consortium." (Dk. 80). No counsel has entered an appearance on behalf of Jason Eaves. Thus, the defendants properly complied with D. Kan. Rule 56.1(f) in filing and serving on Mr. Eaves the separate notice to a pro se litigant who opposes a motion for summary judgment. (Dk. 83).

Mr. Eaves has not filed a response and the time for filing one has expired. The defendants have filed a motion for entry of summary judgment (Dk. 84). Under these circumstances, "the court will consider and decide the motion as an uncontested motion." D. Kan. Rule 7.4(b). The pro se notice given Mr. Eaves stated that upon his failure to file a timely response "the court may accept defendant's facts as true, in which event your case may be dismissed and judgment entered in defendant's favor without a trial." (Dk. 83). The court will decide the defendant's motion as uncontested. The defendants' motion establishes that Kansas law does not afford standing to Mr. Eaves to proceed with his loss of consortium claim. *See* K.S.A. 23-2605 (the right of action for loss of consortium "vests solely in" the injured spouse). On the face of their motion and without any opposition from the plaintiff Jason Eaves, the defendants are entitled to summary judgment.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (Dk. 81) and motion for entry of summary judgment (Dk. 84) against plaintiff Jason E. Eaves are granted.

Dated this 10th day of March, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge